SYLLABUS

This syllabus is not part of the Court's opinion. It has been prepared by the Office of the Clerk for the convenience of the reader. It has been neither reviewed nor approved by the Court. In the interest of brevity, portions of an opinion may not have been summarized.

**State v. Rahsjahn Courtney (A-17-19) (082857)**

**Argued April 28, 2020 -- Decided July 7, 2020**

**TIMPONE, J., writing for the Court.**

The Court addresses whether N.J.S.A. 2C:35-12 -- Section 12 of the Comprehensive Drug Reform Act of 1987 (CDRA) -- requires a formal application by the State to impose an extended-term sentence pursuant to N.J.S.A. 2C:43-6(f) when, as part of a negotiated plea agreement, the State agrees not to request a mandatory extended-term sentence but still seeks the benefit of Section 12's requirement that the sentencing court enforce all agreements reached by the prosecutor and the defendant.

The State charged defendant with first-degree possession of heroin with intent to distribute. In light of his criminal history, defendant faced a mandatory extended-term sentence and minimum period of parole ineligibility under N.J.S.A. 2C:43-6(f) if convicted of the new offense and if the prosecutor applied for an extended-term sentence.

During plea negotiations, the State alerted the court and defendant that defendant qualified for a mandatory extended term, but it agreed to defense counsel's offered sentence. Defendant entered a guilty plea under the terms of the negotiated plea agreement. The court imposed the agreed-upon sentence. Defense counsel and defendant both acknowledged their understanding of the terms of the guilty plea and raised no objections regarding defendant's eligibility for an extended term; the plea form and supplemental plea form reflected that agreement. Defendant, defense counsel, and the prosecutor signed both forms.

Despite acknowledging the plea agreement, defense counsel requested a reduced sentence. The sentencing judge denied the request. The Appellate Division affirmed, rejecting defendant's argument that the sentencing court had discretion to lower his sentence because the State failed to file a formal application requesting the extended mandatory term. The Court granted certification. 240 N.J. 21 (2019).

**HELD:** Section 12 does not require a formal application when a prosecutor agrees not to request a mandatory extended-term sentence under N.J.S.A. 2C:43-6(f) yet seeks the benefit of a Section 12 plea agreement. Here, defendant was given ample notice that he was extended-term eligible and that the State was seeking the benefit of Section 12 for

1

the negotiated plea agreement, and defendant did not object to the State's proffer that he was extended-term eligible. The Court affirms the judgment of the Appellate Division upholding his sentence. Given the importance of ensuring consistency and accuracy in sentencing, the Court provides guidance for future cases where the State agrees not to request an extended term but still seeks the benefit of a negotiated waiver of the CDRA's mandatory sentencing requirements under N.J.S.A. 2C:35-12.

1. N.J.S.A. 2C:43-6(f) provides that, if the grounds for an extended term are established, a person convicted of a listed offense who has previously been convicted of a listed offense "shall upon application of the prosecuting attorney be sentenced by the court to an extended term[,] . . . notwithstanding that extended terms are ordinarily discretionary with the court." N.J.S.A. 2C:35-12 provides for an exception to the otherwise mandatory sentences and parole disqualifiers when the parties enter into a negotiated plea agreement, thus substantially expanding prosecutorial discretion in drug prosecution plea agreements. Notably, "the court at sentencing shall not impose a lesser [sentence] than that expressly provided for under the terms of the plea or post-conviction agreement." N.J.S.A. 2C:35-12. Section 12 encourages cooperation by ensuring that both the State and defendant receive the full benefit of a negotiated plea agreement. (pp. 10-12)

2. The plain language of Section 12 does not require a formal application when a prosecutor pursuant to a negotiated plea agrees not to request a mandatory extended-term sentence under N.J.S.A. 2C:43-6(f) while seeking the benefit of a Section 12 plea agreement. Rather, Section 12 applies whenever an offense defined in the CDRA specifies a mandatory sentence of imprisonment. The Court sees no merit in requiring the State in a negotiated plea agreement setting to file an extended-term application only to withdraw it at the time of sentencing. That is a waste of judicial resources and an unnecessary burden on the courts. Instead, pursuant to the plea agreement, defendants may stipulate to their eligibility for an extended term. In this case, the State amply satisfied its notice requirements, and the Court is satisfied that defendant entered a guilty plea under the terms of the negotiated plea agreement, knowingly and without any objection, to an offense for which the CDRA specifies a mandatory extended term and parole-ineligibility period, as required by Section 12. (pp. 12-16)

3. To provide greater clarity and an opportunity to resolve disputes over whether a defendant is extended-term eligible under N.J.S.A. 2C:43-6(f), the Court proposes a slight revision to the procedures outlined in Rule 3:21-4(e) and refers the matter to the Criminal Practice Committee for further action. The Court also asks the Director of the Administrative Office of the Courts to revise the standard plea form. (pp. 16-17)

**AFFIRMED.**

**CHIEF JUSTICE RABNER and JUSTICES LaVECCHIA, ALBIN, PATTERSON, FERNANDEZ-VINA, and SOLOMON join in JUSTICE TIMPONE'S opinion.**

# SUPREME COURT OF NEW JERSEY
## A-17 September Term 2019
### 082857

State of New Jersey,

Plaintiff-Respondent,

v.

Rahsjahn Courtney

Defendant-Appellant.

On certification to the Superior Court,
Appellate Division.

| Argued | Decided |
|---|---|
| April 28, 2020 | July 7, 2020 |

Daniel S. Rockoff, Assistant Deputy Public Defender,
argued the cause for appellant (Joseph E. Krakora,
Public Defender, attorney; Daniel S. Rockoff, of
counsel and on the briefs).

Paul H. Heinzel, Assistant Prosecutor, argued the
cause for respondent (Michael H. Robertson, Somerset
County Prosecutor, attorney; Paul H. Heinzel, of
counsel and on the briefs).

Jennifer E. Kmieciak, Deputy Attorney General,
argued the cause for amicus curiae Attorney General
of New Jersey (Gurbir S. Grewal, Attorney General,
attorney; Jennifer E. Kmieciak, of counsel and on the
brief).

Aidan P. O'Connor argued the cause for amicus curiae Association of Criminal Defense Lawyers of New Jersey (Pashman Stein Walder Hayden, attorneys; CJ Griffin and Dillon McGuire, on the brief).

JUSTICE TIMPONE delivered the opinion of the Court.

The Comprehensive Drug Reform Act of 1987 (CDRA) imposes mandatory sentences and periods of parole ineligibility for certain offenses, N.J.S.A. 2C:43-6(f); it also provides an exception to the imposition of such sentences in the context of a negotiated plea agreement, N.J.S.A. 2C:35-12 (Section 12). Significantly, Section 12 renders immutable the sentence recommended under such a negotiated plea agreement: it "requires the sentencing court to enforce all agreements reached by the prosecutor and a defendant under that section and prohibits the court from imposing a lesser term of imprisonment than that specified in the agreement." State v. Brimage, 153 N.J. 1, 9 (1998).

In this appeal, we address whether Section 12 requires a formal application by the State to impose an extended-term sentence pursuant to N.J.S.A. 2C:43-6(f) when, as part of a negotiated plea agreement, the State agrees not to request a mandatory extended-term sentence but still seeks the benefit of an immutable sentence under Section 12.

In this case, defendant Rahsjahn Courtney agreed to a negotiated plea agreement with the State, in which he pled guilty to a first-degree possession and distribution charge in exchange for a fourteen-year prison sentence with a sixty-three-month period of parole ineligibility. As a part of the plea agreement, the State agreed not to request a mandatory extended-term sentence for which defendant was eligible under N.J.S.A. 2C:43-6(f).

Notwithstanding this agreement, defendant requested a lower sentence from the sentencing court. The sentencing court rejected defendant's request and imposed the sentence recommended in the plea agreement. Defendant appealed, arguing that the sentencing court mistakenly believed it was bound by the plea agreement. Defendant argued the sentencing court had discretion to lower his sentence because the State failed to file a formal application requesting the extended mandatory term under N.J.S.A. 2C:43-6(f). Because the plea agreement recommended a sentence that fell within the range of the ordinary first-degree term, defendant argues, the sentencing judge had discretion to lower his sentence to the minimum term within that ordinary range. The Appellate Division rejected defendant's argument and affirmed his sentence.

We now affirm. We find that Section 12 does not require a formal application when a prosecutor agrees not to request a mandatory extended-term

3

sentence under N.J.S.A. 2C:43-6(f) yet seeks the benefit of a Section 12 plea agreement. We find no need for a formal application.

Here, defendant was given ample notice that he was extended-term eligible and that the State was seeking the benefit of Section 12 for the negotiated plea agreement, and defendant did not object to the State's proffer that he was extended-term eligible. So, we affirm the judgment of the Appellate Division upholding his sentence.

Given the importance of ensuring consistency and accuracy in sentencing, we provide guidance for future cases where the State agrees not to request an extended term but still seeks the benefit of a negotiated waiver of the CDRA's mandatory sentencing requirements under Section 12.

## I.

### A.

#### 1.

After seizing approximately 7500 folds of heroin from defendant's vehicle, the State charged defendant with a single count of first-degree possession of heroin with intent to distribute, contrary to N.J.S.A. 2C:35-5(a)(1) and (b)(1). Defendant's criminal history includes a conviction for third-degree possession of cocaine with the intent to distribute, contrary to N.J.S.A. 2C:35-5(a)(1). As a result of that earlier conviction, defendant faced

4

a mandatory extended-term sentence and minimum period of parole ineligibility under N.J.S.A. 2C:43-6(f) if convicted of the new offense and if the prosecutor filed an application for an extended-term sentence.

2.

During plea negotiations, the State alerted the court and defendant that defendant qualified for a mandatory extended term under N.J.S.A. 2C:43-6(f). Notably, the extended term carries a sentence upon conviction of between twenty years' and life imprisonment and a period of parole ineligibility between one-third and one-half the base term.

But here, the State agreed to defense counsel's offer of a base term of fourteen years' imprisonment with a sixty-three-month parole disqualifier.

3.

Defendant entered a guilty plea under the terms of the negotiated plea agreement. The State noted that "the plea agreement is based on the fact that the State will not move for an extended term pursuant to 2C:46-3(f)." The parties agreed that, were it not for the agreement, the extended term would have bumped up defendant's exposure to twenty-to-life. Staying within the terms of the plea agreement, the court imposed a sentence of fourteen years with sixty-three months to be served without parole. Defense counsel and defendant both acknowledged their understanding of the terms of the guilty

5

plea and raised no objections regarding defendant's eligibility for an extended term pursuant to N.J.S.A. 2C:43-6(f).

Underscoring the agreement, defendant, defense counsel, and the State executed a Plea Form, which stated:

> The State and defendant agreed that defendant will be sentenced to 14 years in [state prison] with 63 months to be served without parole. This plea agreement is based on the State's agreement not to file an Extended Term pursuant to N.J.S.A. 2C:43-6(f).

The sentencing judge executed a supplemental plea form which stated:

> Defendant shall be sentenced to 14 years [in state prison]. Defendant shall be sentenced to a 63-month parole stip. This plea agreement is in exchange for the State not to file an Extended Term pursuant to N.J.S.A. 2C:43-6(f).

Finally, defendant, defense counsel, and the prosecutor signed the required Supplemental Plea Form for Drug Offenses. It posed the following question: "Have you [defendant] and the Prosecutor entered into any agreement to provide for a lesser sentence or period of parole ineligibility than would otherwise be required?" Defendant circled "Yes" in response.

4.

Despite acknowledging the plea agreement, defense counsel requested a reduced sentence. After considering defendant's request, weighing the aggravating and mitigating factors, and taking into account that this was

defendant's second indictable conviction for distribution of a controlled dangerous substance, the sentencing judge found the plea agreement to be appropriate and sentenced defendant, noting "the State has agreed in this particular case not to extend the term, which is a key component of the negotiations in this court's view and the agreement to [sixty-three] months."

B.

The Appellate Division affirmed defendant's sentence, reasoning it was clear from the record that defendant understood his eligibility for an extended-term sentence under N.J.S.A. 2C:43-6(f), and that the plea agreement was based on the State's agreement not to file for an extended term.

The court also rejected defendant's contention that because the State did not file an application for an extended term under N.J.S.A. 2C:43-6(f), the sentencing court had discretion to impose a lesser term. Based on a plain reading of N.J.S.A. 2C:35-12, the court reasoned that because defendant pled guilty to an offense for which the CDRA specifies a mandatory extended term and parole ineligibility, there was no requirement for the State to formally move for the imposition of a mandatory extended-term sentence and parole-ineligibility period under N.J.S.A. 2C:43-6(f). In the same breath, the court also reasoned that Section 12 expressly permits the State to negotiate away its right to impose mandatory sentences, and Section 12 was not rendered

7

inapplicable simply because the State agreed not to request the imposition of an extended term under N.J.S.A. 2C:43-6(f). The Appellate Division concluded that the court was required to impose the sentence pursuant to the plea agreement even though defendant's plea agreement of fourteen years' imprisonment and sixty-three months' parole ineligibility was a lesser custodial sentence than the mandatory extended-term sentence of twenty-to-life under N.J.S.A. 2C:43-6(f).

We granted defendant's petition for certification, 240 N.J. 21 (2019), and granted amicus curiae status to the Attorney General and the Association of Criminal Defense Lawyers of New Jersey.

## II.

## A.

This appeal requires our interpretation of sentencing provisions in the Criminal Code. The meaning of a statute is a question of law which we review de novo, "unconstrained by deference to the decisions of the trial court or the appellate panel." State v. S.B., 230 N.J. 62, 67 (2017) (quoting State v. Grate, 220 N.J. 317, 329 (2015)).

The object of statutory interpretation is to effectuate the intent of the Legislature, as evidenced by the plain language of the statute, its legislative history and underlying policy, and concepts of reasonableness. State v.

8

<u>Rodriguez</u>, 238 N.J. 105, 113 (2019).  Section 12 must be construed strictly because it is a penal statute.  <u>State v. Bridges</u>, 131 N.J. 402, 406 (1993).

The statute's plain language "is the 'best indicator' of legislative intent." <u>Rodriguez</u>, 238 N.J. at 113 (quoting <u>DiProspero v. Penn</u>, 183 N.J. 477, 492 (2005)).  We construe a statute's plain language "in context with related provisions so as to give sense to the legislation as a whole."  <u>Spade v. Select Comfort Corp.</u>, 232 N.J. 504, 515 (2018) (quoting <u>N. Jersey Media Grp., Inc. v. Township of Lyndhurst</u>, 229 N.J. 541, 570 (2017)).  The Legislature's words and phrases are ascribed "their generally accepted meaning, according to the approved usage of the language," unless that meaning is "inconsistent with the manifest intent of the legislature or unless another or different meaning is expressly indicated."  N.J.S.A. 1:1-1.

"If the plain language leads to a clear and unambiguous result, then our interpretative process is over."  <u>Johnson v. Roselle EZ Quick LLC</u>, 226 N.J. 370, 386 (2016) (quoting <u>Richardson v. Bd. of Trs., PFRS</u>, 192 N.J. 189, 195 (2007)).  But when the statutory language is ambiguous or a plain reading of the statute leads to an absurd result, "we may turn to extrinsic evidence, 'including legislative history, committee reports, and contemporaneous construction.'"  <u>Rodriguez</u>, 238 N.J. at 114 (quoting <u>DiProspero</u>, 183 N.J. at 492-93).  Statutory ambiguity is resolved in favor of a criminal defendant only

9

when the ambiguity cannot be resolved by an analysis of the plain language and use of extrinsic aids. Ibid.

## B.

We begin our application of the canons of statutory construction with the Criminal Code's provisions governing sentencing for offenses under the Comprehensive Drug Reform Act of 1987, N.J.S.A. 2C:35-1 to 36A-1. The CDRA provides for mandatory sentencing and mandatory periods of parole ineligibility to "provide for the strict punishment, deterrence and incapacitation of the most culpable and dangerous drug offenders," Brimage, 153 N.J. at 8 (quoting N.J.S.A. 2C:35-1.1(c)), and "to guard against sentencing disparity," Bridges, 131 N.J. at 407.

Relevant here, N.J.S.A. 2C:43-6(f) provides in pertinent part that, if the grounds for an extended term are established at a hearing,

> [a] person convicted of manufacturing, distributing, dispensing or possessing with intent to distribute any dangerous substance or controlled substance analog under N.J.S.A. 2C:35-5 . . . who has been previously convicted of manufacturing, distributing, dispensing or possessing with intent to distribute a controlled dangerous substance or controlled substance analog, shall upon application of the prosecuting attorney be sentenced by the court to an extended term[,] . . . notwithstanding that extended terms are ordinarily discretionary with the court.

10

Although the CDRA limits judicial discretion over sentencing, it provides for an exception to the otherwise mandatory sentences and parole disqualifiers when the parties enter into a negotiated plea agreement, thus substantially expanding prosecutorial discretion in drug prosecution plea agreements. Pursuant to N.J.S.A. 2C:35-12, a prosecutor is permitted "through a negotiated plea agreement . . . [to] waive the minimum mandatory sentence specified for any offense under the CDRA." Brimage, 153 N.J. at 3.

Section 12 provides:

> Whenever an offense defined in this chapter specifies a mandatory sentence of imprisonment which includes a minimum term during which the defendant shall be ineligible for parole, [or] a mandatory extended term which includes a period of parole ineligibility . . . the court upon conviction shall impose the mandatory sentence . . . unless the defendant has pleaded guilty pursuant to a negotiated agreement . . . which provides for a lesser sentence [or] period of parole ineligibility . . . . The negotiated plea . . . agreement may provide for a specified term of imprisonment within the range of ordinary or extended sentences authorized by law, [or] a specified period of parole ineligibility . . . . In that event, the court at sentencing shall not impose a lesser [sentence] than that expressly provided for under the terms of the plea or post-conviction agreement.
>
> [N.J.S.A. 2C:35-12 (emphases added).]

The primary purpose of the Section 12 waiver provision is to provide defendant an incentive to cooperate with law enforcement agencies in the war against drugs and to encourage plea bargaining. Brimage, 153 N.J. at 9.

11

Section 12 encourages cooperation by ensuring that both the State and defendant receive the full benefit of a negotiated plea agreement. Bridges, 131 N.J. at 409-10.

In Bridges, we held that "[t]o allow a court to sentence below the prison term provided in the plea agreement undermines the clear legislative purpose expressed in section 12," which we determined "must be read to limit a court's discretion to sentence below the agreed-upon term of imprisonment." Id. at 410. Clearly, the court may not impose a lesser sentence than that negotiated between the parties in a case involving Section 12. We explained that to do otherwise would cause prosecutors to be reluctant to enter into a Section 12 plea agreement, knowing that "the defendant could receive only a fraction of the bargained-for time of incarceration." Ibid.

## III.

Against that backdrop, we analyze defendant's assertion that, because the State failed to file a formal application for an extended-term sentence under N.J.S.A. 2C:43-6(f), defendant's negotiated plea agreement of fourteen years' imprisonment and sixty-three months of parole ineligibility falls within the ordinary sentencing range under the CDRA and the sentencing court retained the authority to impose any lesser term within the ordinary range. We disagree. Defendant is arguing form over substance.

Indeed, the plain language of Section 12 does not require a formal application when a prosecutor pursuant to a negotiated plea agrees not to request a mandatory extended-term sentence under N.J.S.A. 2C:43-6(f) while seeking the benefit of a Section 12 plea agreement. The Appellate Division correctly interpreted Section 12 as applying "[w]henever an offense defined in [the CDRA] specifies a mandatory sentence of imprisonment . . . [or] period of parole ineligibility." N.J.S.A. 2C:35-12 (emphasis added). N.J.S.A. 2C:43-6(f) is a part of the CDRA, State v. Lagares, 127 N.J. 20, 35 (1992), and specifically identifies the CDRA offenses that are subject to mandatory sentences and periods of parole ineligibility upon the prosecutor's request.

The plain language of N.J.S.A. 2C:43-6(f) requires the prosecutor to file an application to impose an extended term. Brimage, 153 N.J. at 11 (finding that N.J.S.A. 2C:43-6(f) "only takes effect upon the application of the prosecutor" for an extended term). Nowhere in Section 12 is there a requirement for a formal procedure. Section 12 expressly permits the State to negotiate away its right to seek mandatory sentences. Section 12 kicks in when the State and a defendant enter into a plea agreement involving an offense for which the CDRA specifies a mandatory sentence or period of parole ineligibility.

13

Here, the State expressly bargained away its right to seek a mandatory extended term as a part of its negotiated plea agreement with defendant. Further, the State placed its express waiver on the record and in the plea forms. Clearly, Section 12 governed this plea.

The Appellate Division correctly determined that N.J.S.A. 2C:35-12 was not rendered inapplicable simply because the State agreed not to request the imposition of an extended term under N.J.S.A. 2C:43-6(f). Indeed, we find it applicable because it was nestled within the confines of the negotiated plea agreement. The parties agreed to a significantly lesser sentence and period of parole ineligibility for the defendant than that mandated by the CDRA. The trial court properly sentenced in accord with the negotiated plea agreement.

The State maintains the filing of a formal notice of intent to seek the extended term is not required. The State proffers Rule 3:21-4(e), which governs applications for extended or enhanced terms of imprisonment and provides that, "[i]f the negotiated disposition includes the recommendation of an extended term, the prosecutor's oral notice and the recordation of the extended term exposure in the plea form completed by defendant and reviewed on the record shall serve as the State's motion." The State contends that if the plea form and oral notice by the prosecutor upon entry of the plea are sufficient to satisfy notice requirements and trigger the applicability of

14

N.J.S.A. 2C-43-6(f)'s mandatory extended terms, the same manner of waiving the extended term on the record so as to trigger Section 12 should also suffice.

We agree. We see no merit in requiring the State in a negotiated plea agreement setting to file an extended-term application only to withdraw it at the time of sentencing. That is a waste of judicial resources and an unnecessary burden on the courts. Instead, pursuant to the plea agreement, defendants may stipulate to their eligibility for an extended term, knowing that their negotiated plea agreements give them full cover on the issue. In this case, the State amply satisfied its notice requirements by clearly informing defendant that it was agreeing not to file a motion for an extended term and that it was seeking the benefit of a Section 12 plea agreement. At no point did defendant object to his eligibility for an extended-term sentence. The record clearly indicates that defendant understood and acknowledged that a conviction exposed him to a mandatory extended-term sentence and period of parole ineligibility under N.J.S.A. 2C:43-6(f). We find no merit in defendant's claim that he was not subject to N.J.S.A. 2C:43-6(f)'s mandatory sentencing requirements. Defendant's express acknowledgment in the Supplemental Plea Form that he "entered into [an] agreement [providing] for a lesser sentence or period of parole ineligibility than would otherwise be required" is incontrovertible.

15

We are satisfied that defendant entered a guilty plea under the terms of the negotiated plea agreement, knowingly and without any objection, to an offense for which the CDRA specifies a mandatory extended term and parole-ineligibility period, as required by Section 12.

IV.

It is clear in most cases whether a defendant is extended-term eligible under N.J.S.A. 2C:43-6(f). In a small number of matters, that may be a disputed point. This dispute matters, because if N.J.S.A. 2C:43-6(f) does not apply, the State may not avail itself of Section 12.

To provide greater clarity and an opportunity to resolve such disputes, we propose a slight revision to the procedures outlined in Rule 3:21-4(e):

1) If the prosecutor agrees not to file an application for an extended term as part of a plea agreement but intends to seek the benefit of Section 12 at sentencing, then the trial court shall ask the prosecution on the record whether defendant is extended-term eligible;

2) Defendant shall be given an opportunity to object;

3) If defendant does not object, the trial court's inquiry ends there, and the prosecution may proceed under the plea agreement without being required to file a formal motion;

4) If, however, defendant objects, then the prosecution would have to meet its burden of proof by demonstrating defendant's eligibility for an extended term; and

5) The trial court would then make a finding as to whether the prosecution has met its burden.

To implement the above modification, we refer this matter to the Criminal Practice Committee, to craft an amendment to Rule 3:21-4(e) for the Court's consideration. We also ask the Director of the Administrative Office of the Courts to revise the standard plea form to confirm whether the prosecution agrees not to request an extended term under N.J.S.A. 2C:43-6(f) but still seeks the benefit of a negotiated waiver of the CDRA's mandatory sentence requirements under Section 12.

V.

In this case, we affirm the judgment of the Appellate Division upholding defendant's sentence.


CHIEF JUSTICE RABNER and JUSTICES LaVECCHIA, ALBIN, PATTERSON, FERNANDEZ-VINA, and SOLOMON join in JUSTICE TIMPONE'S opinion.

17